IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WINSTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 08-334 Erie |
| BRADFORD CITY POLICE DEPARTMENT, | ) |
| Defendant. | ) |

# ORDER

AND NOW, this 8th day of June, 2009, and upon consideration of the Plaintiff's "Motion to Dismiss" [Doc. No. 20], which I have construed as a Request for Voluntary Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that the Plaintiff's Motion is GRANTED and the case is hereby DISMISSED with prejudice.[1]

The Clerk is directed to mark the case closed.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record.

---

[1] The Court notes parenthetically that even in the absence of the Plaintiff's voluntary withdrawal of the action, dismissal would have been appropriate. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Snyder v. Aaron, 227 Fed. Appx. 132, 133 (3rd Cir. 2007) (holding that plaintiff lacked standing to bring her claims alleging that the defendants failed to fully prosecute persons who broke into her home and assaulted her); Fuchs v. Mercer County, 260 Fed. Appx. 472, 475 (3rd Cir. 2008) (rejecting plaintiff's claim regarding the defendants' allegedly deficient performance in investigating his private criminal complaint noting "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation.") (alterations in original and citations omitted); Wise v. Augustine, 1997 WL 534695 at *2 (E.D.Pa. 1997) (stating that "[a] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."); Kot v. Toal, 1993 WL 451523 at *1 (E.D.Pa. 1993) ("There is no federal constitutional right under § 1983 to have alleged criminal wrongdoers brought to justice.").